U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 1 0 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANA AND TIFFANY CARRIER | : | DOCKET NO. 2:07 CV 2025 |
| VS. | : | JUDGE MINALDI |
| BALBOA INSURANCE COMPANY, NEWPORT INSURANCE COMPANY, AMERICAN FAMILY HOME INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), [doc. 28], filed by defendant Newport Insurance Company (hereinafter "Newport"). The plaintiffs, Dana and Tiffany Carrier, filed an opposition [doc. 31].[1] Newport filed a reply [doc. 32]. This matter is currently set for a jury trial on May 11, 2009.

## FACTS

On September 24, 2007, the plaintiffs filed suit in state court against Newport to recover for losses incurred to their residence as a result of Hurricane Rita pursuant to a "Mortgage Protection Policy" procured by the plaintiffs' lender, Countrywide Home Loans, Inc. (hereinafter "Countrywide").[2] The plaintiffs allege that they are entitled to the benefits of the insurance policy, as well as damages pursuant to La. Rev. Stat. Ann. §§ 22:658 and 22:1220, arising from Newport's

---

[1] In Reply, Newport points out that the plaintiffs' opposition was untimely filed without leave to do so, and therefore urges the Court to disregard the opposition. The opposition does not save the plaintiffs from dismissal, and accordingly this Court shall consider the opposition, which was filed one day late.

[2] Compl. [doc. 1-1]; see also Def.'s Ex. 2 (Policy).

1

alleged failure to make timely payments under the Policy.[3] On November 17, 2007, Newport removed the lawsuit to this Court under 28 U.S.C. § 1332.[4]

Countrywide procured the Policy[5] after the plaintiffs failed to provide "evidence of existing and acceptable homeowners insurance," as required per the loan agreement.[6] Accordingly, Countrywide secured a lender-placed policy with Newport that only protects Countrywide's interest in the property.[7] Indeed, the Policy is titled "Mortgage Protection Coverage," lists only Countrywide as the named insured, and states "[t]he policy protects only the mortgagee's interest in the described location. You are not an insured under this policy, and you are not entitled to receive the proceeds from this policy in the event of loss or damage to your property."[8] The plaintiffs are not listed as additional named insureds.

## RULE 12(b)(1) & 12(b)(6) STANDARD

A motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See e.g., Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof rests upon the party seeking jurisdiction. *Id.* A Rule 12(b)(1) motion should be

---

[3] Compl. [doc. 1-1].

[4] Notice of Removal [doc. 1].

[5] When ruling on a Rule 12(b)(6) motion to dismiss, courts may properly consider documents the defendant attaches as "part of the pleadings...if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Because the plaintiffs bring suit to recover pursuant to an insurance policy, the insurance policy and correspondence with the mortgage lender regarding the placement of said policy are central to the claim, and accordingly, this Court shall consider the defendant's exhibits in deciding this motion.

[6] Def.'s Ex. 1 (Certificate of Coverage Placement).

[7] *Id.*

[8] Def.'s Ex. 2 (Policy). The quoted language is clearly listed on the cover page in bold, capital letters.

granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

Newport also moves pursuant to 12(b)(6), which challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## ANALYSIS

First, Newport argues that the plaintiffs lack standing to sue pursuant to the Policy because they are not parties to the contract, either as named insureds or additional named insureds. *See, e.g., Kilson v. Am. Road Ins. Co.*, 345 So.2d 967, 969 (La. App. 2d 1977) (finding an automobile owner plaintiff had no right to recover under a single-interest insurance policy procured by the lender, where there was no relationship between the automobile owner and the insurance company, because he was neither the named insured nor a third-party beneficiary).

In opposition, the plaintiffs do not argue that they are named insureds or third-party beneficiaries, but instead argue that "special circumstances" apply that provide them with standing. The plaintiffs allege that these "special circumstances" are that Countrywide and Newport are wholly-owned subsidiaries of Countrywide Financial Corporation, and as such, a legal relationship

3

exists between the plaintiffs and Newport. Although it is not entirely clear, the plaintiffs are apparently arguing that their case is akin to *Beck v. State Farm Fire & Cas. Co.*, et al., 07-1998, 2008 WL 4155301 (W.D. La. 09/05/2008), in which this Court denied State Farm's motion to dismiss.

In reply, Newport argues that *Beck* is distinguishable because it contained a residual payee clause providing that any losses in excess of the plaintiff's loan balance would be payable directly to the plaintiff. *See Beck*, 2008 WL 4155301, at *3. This Court agrees. Although *Beck* also involved a lender-placed policy, the policy provided that "amounts payable in excess of your [the mortgagee's] interest will be paid to the 'borrower.'" *Id.* This Policy contains no analogous clause.[9]

Following Hurricanes Katrina and Rita, several district courts in Louisiana, including this Court, have considered whether a homeowner who is not an additional named insured on a lender-placed policy has standing to sue the insurance company. *See, e.g., Harrison v. Safeco Ins. Co. of Am.*, 06-4664, 2007 WL 1244268 (E.D. La. 01/26/2007); *Conner v. Great Am. Assurance Co.*, 06-2038, 2007 WL 521368 (W.D. La. 02/16/2007). In *Harrison*, the plaintiffs sued Safeco, which issued a lender-placed policy to their mortgage company, to recover for losses incurred to their home in Hurricane Katrina. 2007 WL 1244268, at *1 (noting that the plaintiffs were not named in the policy). The court concluded that the plaintiffs lacked standing to sue Safeco because the plaintiffs were not parties to the insurance policy. 2007 WL 1244268, at *4. The *Harrison* court also held that the plaintiffs were not third-party beneficiaries, because to "contract for the benefit of a third party–a stipulation pour autrui–there must be a clear expression of intent to benefit the third party."

---

[9] The Newport Policy provides that losses shall only be payable to the named insured (Countrywide), and limits the total benefits payable under the policy to the lesser of: the actual cost of repair, the loan balance at the time of loss, 110% of the rating amount, the unrepaired value of the property, or $1,000,000. Def.'s Ex. 3, pp. 12, 14. The Policy's rating amount is $47,989. Def.'s Ex. 2.

4

*Id.* at *5 (noting that the proper way in which to include a stipulation pour autrui in an insurance contract is to "name the third party as an additional insured") (quoting *Nesom v. Chevron U.S.A., Inc.*, 633 F. Supp. 55, 58 (E.D. La. 1984)).

In *Conner*, the plaintiffs brought suit against the insurance company, Great American, to recover the policy limits of a lender-placed policy after their home was damaged in Hurricane Rita. 2007 WL 521368. The policy in *Conner* was titled "Mortgage Protection Insurance," stated that it only insures loss to property in which the insured has a "mortgagee interest," and provided that the mortgagor is not a named insured under this policy." *Id.* at *2. The undersigned granted Great American's motion for summary judgment, finding that the plaintiffs had no legal right to recover from Great American because there was no privity of contract between the plaintiffs and Great American. *Id.*

Similarly, it is apparent from the Newport Policy that the plaintiffs are not parties to the contract. Moreover, there are no special circumstances that would require standing in this case.

Second, Newport also argues that the plaintiffs are not third-party beneficiaries to the Policy. The plaintiffs do not dispute this assertion in their opposition. Even when a plaintiff is not a party to a contract, a plaintiff may have standing to sue if that party is a third-party beneficiary. The Louisiana Supreme Court has articulated "three criteria for determining whether contracting parties have provided a benefit for a third party:[10] 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 05-2364 (La. 10/15/2006); 939 So.2d 1206, 1212. The contract must "manifest a clear

---

[10] La. Civ. Code art. 1978 permits a contracting party to stipulate a benefit for a third party.

5

intention to benefit the third party." *Id.* Merely referencing the third party in a contract does not demonstrate the requisite intention to contract for that third party's benefit. *Harrison*, 2007 WL 1244268, at *5.

The plaintiffs are not third-party beneficiaries under this Policy, because the policy does not manifest a clear intention to benefit the plaintiffs. In fact, the Policy manifests a clear intention not to provide the plaintiffs with any benefit, by being titled "Mortgage Protection Coverage," not listing the plaintiffs as additional named insureds, and by providing a disclaimer that "this policy protects only the mortgagee's interest." Moreover, Countrywide is the sole named insured. Because the plaintiffs are neither named insureds nor third-party beneficiaries pursuant to the Policy, this Court concludes there is no legal relationship between the plaintiffs and Newport, and that the plaintiffs have no standing to bring their claims; accordingly,

IT IS ORDERED that Newport's motion to dismiss [doc. 28] is hereby GRANTED and this case is hereby DISMISSED in its entirety with prejudice.

Lake Charles, Louisiana, this _5_ day of _March_ 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE